MAULSBY BROWN, PROSECUTOR-APPELLANT, v. HARRY A. KLEIN, RECORDER OF THE BOROUGH OF LINCOLN PARK, AND THE BOARD OF HEALTH OF THE BOROUGH OF LINCOLN PARK, DEFENDANTS-RESPONDENTS.

Argued May 22, 1946—Decided September 12, 1946.

For the prosecutor-appellant, *Samuel C. Meyerson*.

For the defendants-respondents, *David Young, 3d*.

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. This is an appeal from a judgment of the Supreme Court which affirmed the conviction of the appellant by the Recorder of the Borough of Lincoln Park on two complaints for violation of section 2 of an ordinance of the Borough of Lincoln Park passed by the borough board of health relating to the regulation and control of the keeping of pigs. The ordinance provided in section 2 that

"No person shall have, keep, raise or maintain any pig or pigs within the said described limits of the Borough of Lincoln Park, without first having procured from the Board of Health of the Borough of Lincoln Park a permit for that

purpose. Such permit shall allow the holder thereof to have, keep, raise or maintain on the premises mentioned in such permit not more than Seven (7) pigs."

Pursuant to the two complaints there were two warrants and two convictions. The first complaint was that Brown, on February 25th, 1945, kept pigs within the limits of the borough without having first procured a permit from the Board of Health. The second complaint charged that Brown on that day kept in excess of seven pigs.

The first attack is upon the conviction under the second complaint. The status in which that complaint comes to us is that Maulsby Brown, having already been found guilty of keeping pigs without a permit, was guilty of a further offense in that he kept a greater number of pigs than he would have been entitled to keep if he had had a permit. We consider that the second complaint and the proceedings under it constitute a juggling of ideas which have no substantial foundation in the facts or the ordinance. The accused kept the proscribed animals without a permit. Of that he had been found guilty. He did not have a permit and therefore what would have constituted an offense under the privilege is of no present concern. Had the accused kept only one pig, he would have violated the ordinance. He kept 175 pigs. So, of course, he violated the ordinance. But the violation lay in keeping a pig or pigs without a permit. The keeping of more than one pig did not constitute an additional offense. One pig or 100 or 200 pigs, the offense was in keeping the animal or animals without a permit. Brown might have obtained a permit and in that event he would have been entitled to keep seven pigs and would have violated the ordinance had he kept more than that number. Having neither applied for nor obtained a permit he is not subject to conviction on the assumption that had he obtained a permit he would, nevertheless, having regard for the number of pigs kept, still be guilty of an offense.

The judgment below should be reversed in so far as it concerns the conviction on the second complaint.

The further contention that the Supreme Court erred in

refusing to hold the borough ordinance invalid is not well made. The reasons stated to us on that point were also stated to the Supreme Court and were disposed of in the opinion of that court in a manner satisfactory to us.

The judgment below will be affirmed in so far as it relates to the conviction under the first complaint and will be reversed in so far as it relates to the second complaint and the proceedings thereunder.

As to first complaint—

*For affirmance*—THE CHIEF JUSTICE, BODINE, DONGES, HEHER, PERSKIE, WACHENFELD, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, MCLEAN, JJ. 12.

*For reversal*—None.

As to second complaint—

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, BODINE, DONGES, HEHER, PERSKIE, WACHENFELD, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, MCLEAN, JJ. 12.